```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:06-cr-72-FtM-29SPC

ARBEY MEDINA-FLORES
_____

**<u>OPINION AND ORDER</u>**

  This matter comes before the Court on defendant Arbey Medina-Flores's Motion to Dismiss Superceding Indictment (Doc. #131), filed on November 1, 2006. The United States filed its Response (Doc. #134) on November 6, 2006.

  Defendant seeks dismissal of the Superceding Indictment because Special Agent Kristopher Pagano gave false testimony to the grand jury which returned the original Indictment. Special Agent Pagano testified that he had undercover telephone conversations with a person he knew only as Chulucko, and that Chulucko was defendant Arbey Medina-Flores. When Special Agent Pagano met the person, he asked "Chulucko?," to which defendant Salazar-Flores answered "yes." In the final analysis, Special Agent Pagano cannot say with any certainty who Chulucko is.

  A grand jury indictment may be dismissed when an error before the grand jury substantially influenced the grand jury's decision to indict, when there is a grave doubt that the decision to indict was free from the substantial influence of the error, or false

testimony resulted from prosecutorial misconduct that causes prejudice to the defendant. United States v. Berbitskaya, 406 F.3d 1324, 1336 n.13 (11th Cir. 2005)(citations omitted.) There are "isolated exceptions" to this harmless-error rule, but these are limited "to cases in which the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing a presumption of prejudice." United States v. Exarhos, 135 F.3d 723, 726-27 (11th Cir. 1998), cert. denied 526 U.S. 1029 (1999)(citation omitted).

Here, defendant has not shown any reason to dismiss the superceding testimony. The testimony of Special Agent Pagano was given to the grand jury in Tampa which returned the original Indictment. The current operative indictment is the Superceding Indictment returned by a Fort Myers grand jury. Special Agent Pagano did not testify before that grand jury. Therefore, this testimony did not influence the Fort Myers grand jury's decision to indict, and there is not a grave doubt that the decision to indict was free from the substantial influence of the false testimony. None of the "isolated exceptions" to this harmless-error rule are applicable in this case. Additionally, having heard the testimony in the trial of the co-defendant, the Court finds that even if the grand jury testimony was incorrect, it was neither intentionally false nor sufficiently prejudicial to warrant dismissal of the superceding indictment. E.g., United States v. Garate-Vergara, 942

F.2d 1543, 1550 (11th Cir. 1993). Therefore, dismissal is not appropriate as a sanction.

Accordingly, it is now

**ORDERED**:

Defendant Arbey Medina-Flores's Motion to Dismiss Superceding Indictment (Doc. #131) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of November, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Counsel of Record